IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-00803-MSK

**ROCKY MOUNTAIN HONEY SMOKED FISH COMPANY, LLC,**

    Plaintiff,

v.

**EINSTEIN NOAH RESTAURANT GROUP, INC.,**

    Defendant.

___

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING**
___

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(# 2)**.

The Plaintiff commenced this action on March 18, 2014. Its Complaint **(# 1)** alleges that it holds a trademark[1] in the term "Honey Smoked Salmon" to describe a smoked fish product. It contends that in September 2013, the Defendant approached it about the possibility of purchasing and distributing the Plaintiff's products in the Defendant's stores, but the negotiations eventually terminated without any agreement. Nevertheless, in March 2014, the Defendant began prominently advertising a product using the term "Honey Smoked Salmon," with that product allegedly containing an inferior smoked fish product from another manufacturer. The Plaintiff alleges claims for federal statutory trademark infringement, federal statutory unfair competition,

___

[1] The Complaint refers to its "trademark" and uses the ™ symbol to accompany its references to "Honey Smoked Fish," but the Complaint does not clearly allege whether the Plaintiff has formally registered the mark with the U.S. Patent and Trademark Office (and if so, when and on what register), or otherwise elaborate on the basis for its claimed ownership of the mark.

statutory deceptive trade practices under Colorado law, common-law unjust enrichment under Colorado law, and common-law misappropriation of business value under Colorado law.

The Plaintiff moves **(# 2)** for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) and a preliminary injunction pursuant to Rule 65(a), each prohibiting the Defendant from using the "Honey Smoked Salmon" mark in any way.

Whether the Court considers the motion as one for an *ex parte* Temporary Restraining Order under Rule 65(b) or one for a preliminary injunction under Rule 65(a), the required factual showing is the same. To be entitled to provisional injunctive relief, a party must show: (i) that it will suffer an irreparable injury unless the injunction issues; (ii) the threatened injury outweighs whatever damages the injunction might cause to the non-movant; (iii) that the requested relief is not adverse to the public interest; and (iv) that the movant has a substantial likelihood of succeeding on the merits of its case. *Schrier v. University of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). In addition, a party requesting an *ex parte* Temporary Restraining Order must also satisfy the requirements of Rule 65(b)(1)(A), a showing "in an affidavit or a verified complaint" of facts "clearly show[ing] that immediate and irreparable injury . . . will result ot the movant before the adverse party can be heard in opposition," and Rule 65(b)(1)(B), a certification by the movant's attorney of the efforts made to give the opposing party notice of the motion and the reasons why such notice should not be required.

Turning first to the request for a Temporary Restraining Order, the Court finds that the Plaintiff has arguably complied with Rule 65(b)(1)(A): the Complaint is verified by Kevin Mason, the Plaintiff's owner and makes an assertion that the Defendant's use of the mark is causing the Plaintiff to suffer an ongoing loss of customer goodwill. However, nothing in the record indicates that the Plaintiff has complied with Rule 65(b)(1)(B): there is no certification by

the Plaintiff's attorney of the attempts to give the Defendant notice of this action, nor any reasons why such notice should not be required. For this reason alone, the Court denies the request for a Temporary Restraining Order.

Moreover, the Court is not convinced that, based solely on the allegations in the Complaint, the Plaintiff has necessarily shown a likelihood of success on the merits sufficient to warrant *ex parte* relief. The mark "Honey Smoked Salmon" is, arguably, merely descriptive of characteristics of the product. As such, it may not be inherently entitled to trademark protection, but may receive protection if it has acquired a secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.* 505 U.S. 763, 768-69 (1992).[2] A mark acquires secondary meaning when, "in the minds of the public, the primary significance of [the] term is to identify the source of the product rather than the product itself." *Id.* at 766 n. 4. Secondary meaning may be established through direct evidence, such as customer surveys and testimony from consumers, or circumstantially, through a showing of the length and manner of the mark's use, the nature and extent of advertising and promotion, and the efforts made in the direction of promoting a conscious connection in the public's mind between the mark and the particular product. *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1154 (10th Cir. 2013). The Plaintiff's Complaint contains some allegations that the Plaintiff has advertised the product using the mark for many years and through various outlets, but makes only relatively conclusory assertions that "the purchasing public in particular have come to know and recognize Honey Smoked Salmon as the high quality brand that originates with and belongs to [the Plaintiff]." The Court cannot say that, on this

---

[2] Moreover, a descriptive mark is susceptible to a fair use defense if the alleged infringer is not using it as a mark, instead using it in good faith for its descriptive purpose. 15 U.S.C. § 1115(b)(4). The materials attached to the Plaintiff's Complaint, demonstrating the Defendant's use of the phrase, do not appear to suggest that the Defendant is making anything other than a descriptive, non-mark use of the phrase. The Court recognizes, however, that the Plaintiff may dispute whether the Defendant's use of the phrase is in good faith.

allegation alone, the Plaintiff has made a showing of secondary meaning sufficient to warrant the extraordinary remedy of a Temporary Restraining Order.

Accordingly, the Plaintiff's Motion for Temporary Restraining Order **(# 2)** is **DENIED**. The Court turns to the Plaintiff's request for a Preliminary Injunction. Resolution of that motion will require a response from the Defendant and, likely, an evidentiary hearing. Accordingly, the Court directs that the Defendants file a response to the Motion for Preliminary Injunction by noon on Monday, March 24, 2014, and that the parties appear for a non-evidentiary hearing on **Wednesday, March 26, 2014** at **9:00 a.m.** to address the need for an evidentiary preliminary injunction hearing and, if appropriate, to schedule such a hearing.

Dated this 19th day of March, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge